## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDSAY CALVERLEY, JOSEPH YEAGLE, and ANTHONY HASEMAN, | ) ) ) | |
| Plaintiffs, | ) ) | 13 C 1967 |
| v. | ) ) | Judge Jorge L. Alonso |
| CAREERBUILDER, LLC d/b/a CAREERBUILDER.COM, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this putative collective action against defendant for its allegedly willful violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law. The case is before the Court on plaintiff's motion to conditionally certify the FLSA class. For the reasons set forth below, the motion is denied.

## Discussion

Plaintiffs ask the Court to conditionally certify this suit as a collective action under the Fair Labor Standards Act ("FLSA"). The FLSA expressly permits one employee to file suit on behalf of others who are similarly situated. *See* 29 U.S.C. § 216(b). But it also requires that each similarly situated employee opt into the suit by filing a written consent with Court. *See id.* Because the names and contact information for similarly-situated employees is generally in the hands of defendant, FLSA plaintiffs often cannot, without defendant's cooperation, provide notice to other putative plaintiffs. Accordingly, courts regularly exercise their discretion to supervise the notice process. *See, e.g., Babych v. Psychiatric Solutions, Inc.*, No. 09 C 8000, 2011 WL 5507374, at *2

(N.D. Ill. Nov. 9, 2011); *Gambo v. Lucent Techs., Inc.*, No, 05 C 3701, 2005 WL 3542485, at \*3 (N.D. Ill. Dec. 22, 2005).

In this district, there is a two-step process for determining whether an FLSA suit should be certified as a collective action. At the first step, which is at issue here, plaintiffs are required "to make a minimal showing that others in the potential class are similarly situated," *i.e.*, that "[they] were together the victims of a single decision, policy, or plan.'" *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847-48 (N.D. Ill. 2008) (quoting *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001).) That minimal showing cannot, however, "be founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." *Babych*, 2011 WL 5507374, at \*4.

Plaintiffs allege that they worked for defendant as non-exempt, hourly employees in the following:  positions invoicing representative, revenue representative, online invoicing consultant, online revenue consultant (later called inside sales representative), account executive, senior account executive, and major account executive.  (*See* 2d Am. Compl. ¶ 4; Mem. Law Supp. Class Notice at 1-2.)  Plaintiffs further allege that they, and all other employees who worked for defendant in these positions, regularly worked more than forty hours per week but were not paid for overtime for those hours.  (2d Am. Compl. ¶ 12.)  In fact, they were instructed by defendant not to report having worked more than forty hours in a work week.  (*Id.*)

Among the evidence plaintiffs offer to support these allegations is the declaration of Scott Claggett, who was one of defendant's sales managers from August 2009 through July 2010.  (*See*

Mem. Law Supp. Class Notice, Ex. B, Claggett Decl. ¶ 7.)[1]  Claggett states that, as a sales manager,

he supervised twelve account executives and senior account executives and, at the direction of

Lauren Osman, instructed them "to manipulate and alter their time cards to reflect only having

worked 40 hours per week." (*Id.*)  However, Claggett does not explain what position Osman holds

or held, and he has no personal knowledge about what, if anything, other managers told their

subordinates to do with respect to time keeping.[2]  Thus, at best, Claggett's declaration shows that

one supervisor may have told one sales manager not to let his subordinates report over forty hours

of work per week, not that defendant had a pervasive policy of altering time records.

Plaintiffs also submit twenty emails or email chains to and from various of defendant's

employees that discuss altering time records.  (*See* Mem. Law Supp. Class Notice, Exs. F-Y.)

However, only four of the emails were received by employees identified as having job titles that fall

within the putative class.  (*See id.*, Ex. F, Email Chain between Tom Hastings & Sarah Longley

(Oct. 31, 2011); *id.*, Ex. J, Email from Jennifer Maul to Angie Dierikx (Oct. 6, 2011); *id.*, Ex. C,

Haseman's Answer Interrog. No. 1 (identifying Tom Hastings and Angie Dierx [sic] as online

consultants); *id.*, Ex. T, Email from Ty Young to Colleen Dreger (Sept. 23, 2011) (identifying

Dreger as "Online Consultant"); *id.*, Ex. V, Email from Melissa Benge to Kaci Busch (Jan. 21, 2014)

(identifying Benge as "Inside Sales Representative").)  Moreover, three of the emails were sent in

the fall of 2011 and the fourth was sent in January 2014, more than two years later.  Given the small

---

[1]Because the Court only relies on facts in the declaration to which Claggett can competently testify and fall within the limitations period applicable to willful FLSA violations, *see* 29 U.S.C. § 255, defendant's motion to strike it is denied.

[2]Claggett's statement that "based on what I was aware of at the time," all other managers engaged in the same practice (*see id.* ¶ 10), is speculation and/or hearsay, neither of which is competent evidence.

number of emails and the time span between them, they do not support plaintiff's allegation that defendant had a years-long, company-wide policy of refusing to pay putative class members for overtime work.

Another category of evidence plaintiffs submit is work-related emails they sent to colleagues or clients on weekday evenings or on weekends. (*See id.*, Ex. D, Emails from Pls. to Various Recipients.) While these emails suggest that plaintiffs may have worked more than forty hours per week, they do not say or imply that defendants forbade plaintiffs from reporting and refused to pay them for overtime hours. Thus, they do not further plaintiff's case.

Finally, plaintiffs offer a declaration from Calverley to support their allegations. Because, however, they first submitted it with their reply brief, it would be improper for the Court to rely upon it. *C.f. Larkin-Gordon v. Ortho-McNeil-Janssen Pharm., Inc.*, 295 F. Appx. 817, 818 (7th Cir. 2008) ("[A]rguments raised for the first time in a reply brief are waived."). Moreover, even if it had been timely submitted, the declaration would not have helped plaintiffs because it is rife with hearsay and speculation. Calverley states, for example, that she "was expected" to keep her time cards at forty hours and that all of her managers "were aware" that she worked over forty hours per week. (*See* Pls.' Reply, Ex. 1, Calverley Decl. ¶¶ 3-4.) But she does not say that anyone, let alone someone whose statement would constitute an admission of defendant, told her to do these things, and she cannot testify about what other people knew or expected. Thus, even if the Court considered the declaration, it would not change the outcome of this motion.

In short, plaintiffs have not satisfied their burden of showing that they and the putative class members were all subject to defendant's alleged policy of refusing to pay for overtime work. Accordingly, their motion for conditional certification is denied.

## Conclusion

For the reasons set forth above, the Court denies plaintiffs' motion to begin notice to members of the plaintiff class [87] and defendant's motion to strike Scott Claggett's declaration [94]. The parties are ordered to appear at a status hearing on August 4, 2015 at 9:30 a.m.

**SO ORDERED.**                                    **ENTERED: July 20, 2015**


_____
**HON. JORGE L. ALONSO**
**United States District Judge**