**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LINDSAY CALVERLEY, JOSEPH YEAGLE, AND
ANTHONY J. HASEMAN,

        Plaintiffs,

    v.

CAREERBUILDER, LLC, D/B/A
CAREERBUILDER.COM,

        Defendant.

No. 13 cv 1967

Honorable Judge Alonso

Magistrate Judge Martin

**MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS**

Defendant CareerBuilder, LLC ("CareerBuilder") hereby seeks approval of its Confidential Settlement Agreements and Releases ("Agreements") with Plaintiffs Lindsay Calverley, Joseph Yeagle, and Anthony Haseman ("Plaintiffs") (CareerBuilder and Plaintiffs together referred to as the "Parties"). The Parties agree that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the Parties with respect to liability and damages.

1.    On March 13, 2013, Lindsay Calverley and Joseph Yeagle filed the above captioned action. (Dkt. No. 1.) Plaintiff Anthony Haseman filed a consent to join the action on April 25, 2013. (Dkt. No. 8.) On August 19, 2013, Plaintiffs filed their Second Amended Complaint, which is the operative complaint. (Dkt. No. 25.)

2.    In this action, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105. Plaintiffs' complaint purported to bring claims on behalf of Plaintiffs individually and on behalf of all others similarly situated. (Dkt. No. 25.) Plaintiffs sought unpaid wages, including

overtime, liquidated damages, interest, attorneys' fees and costs, and other relief on behalf of themselves and on behalf of a putative class of similarly situated employees of CareerBuilder. CareerBuilder denied the allegations and denied that any class or collective action was appropriate. On July 20, 2015, the Court denied Plaintiffs' motion to conditionally certify the proposed collective action. (Dkt. No. 124.) Accordingly, only the claims of the three named Plaintiffs remain. On August 18, 2015, CareerBuilder filed its motion for summary judgment on all of Plaintiffs' claims. (Dkt. No. 129.) CareerBuilder's motion remains pending.

3.     Thereafter, the Parties have concluded, based upon their investigation and discovery conducted in this case, the expense and time necessary to prosecute the case through trial, the risks and costs of further proceedings in the case, the uncertainties of litigation, and the benefits to be received pursuant to the Agreements, that a settlement on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the Parties.

4.     Settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. 2001).

5.     The settlement reached by the Parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA and state law and any remaining disputes between the Parties. The Agreements reached by the Parties are the result of extensive negotiations between the Parties to resolve this matter. The Agreements were negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients.

6.     Factors indicating fairness are present, including the fact that the Parties

thoroughly investigated the issues and conducted extensive discovery and motion practice and that the Parties conserved substantial time and expense that would have been required had the case gone to trial. By way of example, the Parties propounded and responded to multiple sets of requests for production of documents and interrogatories; CareerBuilder produced over 1.3 million pages of documents; the Parties conducted 6 depositions; Plaintiffs' motion for conditional certification was denied; and CareerBuilder's motion for summary judgment was filed and remains pending.

7.     In accordance with the requirements of the FLSA, the Parties have made the enforcement of their settlement agreements contingent upon the Court's approval of the Agreements' terms including Plaintiffs' release of claims.

8.     Further, as a material aspect of the settlement, the Parties agreed that the specific terms of the Agreements, including the settlement amount, should remain confidential. Because the terms of the Agreements are intended to be confidential, CareerBuilder respectfully requests that the Court review the Agreements *in camera*. *See, e.g.*, *Cramer v. Bank of America, N.A.*, No. 12-cv-8681, Dkt. No. 228 (N.D. Ill. Mar. 11, 2015) (Alonso, J.) (reviewing *in camera* the parties' settlement agreement); *Ayala v. Mannancheril*, No. 13-cv-3314, Dkt. No. 36 (N.D. Ill. Jan. 9, 2014) (same). CareerBuilder will submit the Agreements for *in camera* inspection upon the Court's approval of this procedure.

9.     In accordance with the Agreements, the Parties seek approval of the Agreements and Plaintiffs release all their claims and voluntarily dismiss the action with prejudice.

WHEREFORE, CareerBuilder respectfully requests that the Court grant its Motion and enter the proposed Order Approving Settlement.

Dated: November 11, 2015                    Respectfully submitted,


                                            s/ Efrat R. Schulman
                                            _____
                                            Michael J. Gray (6210880)
                                            mjgray@jonesday.com
                                            Efrat R. Schulman (6280999)
                                            eschulman@jonesday.com
                                            JONES DAY
                                            77 West Wacker
                                            Chicago, IL 60601.1692
                                            Telephone:     +1.312.782.3939
                                            Facsimile:     +1.312.782.8585

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed a true and correct copy of the foregoing using the

CM/ECF filing system, which will send a notice of electronic filing to the following attorneys for

Plaintiffs:

John W. Billhorn
BILLHORN LAW FIRM
120 S. State Street, Suite 400
Chicago, IL 60603

on this 11th of November, 2015.

s/ Efrat R. Schulman
One of the Attorneys for Defendant