## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LINDSAY CALVERLEY, JOSEPH YEAGLE, AND
ANTHONY J. HASEMAN,

       Plaintiffs,

    v.

CAREERBUILDER, LLC, D/B/A
CAREERBUILDER.COM,

       Defendant.

No. 13 cv 1967

**Honorable Jorge L. Alonso**

Magistrate Judge Daniel Martin

### PLAINTIFFS' RESPONSE TO DEFENDANT'S
### MOTION TO APPROVE SETTLEMENT

NOW COME Plaintiffs, by their attorney of record, and in response to Defendant's Motion To Approve Settlement, state as follows:

1. Defendant has filed its Motion to Approve the Settlement Agreements reached in this case, and has asked the Court to review those Agreements *in camera*.

2. Plaintiffs have entered into these Settlement Agreements at arm's length, and are incented to proceed with conclusion of the case via this Court's approval of the subject Settlement Agreements.

2. While taking no position with regard to either the question of whether this FLSA settlement must be approved in order to be enforceable or whether the resulting Settlement Agreements must be made part of the public record if this Court "approves" their content, Plaintiff's counsel believes it is appropriate to assure the Court's awareness of Judge Posner's decision in the consolidated cases of *Goesel v. Boley International (H.K.) Ltd.* and *Massuda v. Panda Express, Inc.*, Nos. 13-2434, 13-2818, 2013 WL 6800977 (7th Cir. 2013), an opinion which could fairly be read to require all settlements that bear a Court's approval be made available on the Court's public docket.

3.   The practical effect of the *Goesel* decision has been interpreted in various ways since its inception in December 2013.  While portions of Judge Posner's decision seems to render the requirement for public disclosure an absolute, the two (2) cases at issue in the consolidated ruling were not FLSA cases.

4.   Nevertheless, the substance of Judge Posner's decision and the basic importance of public access to the Courts seem to set the rule of the Circuit, in that Justice Posner held:

> "Against a background of such uncertainty, it's difficult to imagine what arguments or evidence parties wanting to conceal the amount or other terms of their settlement (apart from terms that would reveal trade secrets or seriously compromise personal or institutional privacy or national security) could present to rebut the presumption of public access to judicial records. The parties before me haven't even tried.  In neither case have they offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient, and I could stop there: because there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason. See Arthur R. Miller, "Confidentiality, Protective Orders, and Public Access to the Courts," 105 Harv. L.  Rev. 427, 492–93 (1991)."

5.   Because of the obvious importance of the issue of the integrity of the Court and public access to the Court's docket as expressed by Justice Posner, coupled with the uncertainty in this Circuit relative to the scope of the *Goesel* opinion and, finally, in the abundance of caution to the fulfillment of counsel's obligations under Rule 3.3 of the Illinois Rules of Professional Conduct (RULE 3.3: CANDOR TOWARD THE TRIBUNAL), Plaintiffs make this 7th Circuit ruling fully transparent to the Court, but takes no position on the *in camera* review of the Settlement Agreements herein sought by Defendant.

Respectfully submitted,

***Electronically Filed 11/11/2015***

*/s/ John Billhorn*
John W. Billhorn,
Attorney for Plaintiffs

Billhorn Law Firm
53 W. Jackson Blvd. Suite 840
Chicago, IL 60604
(312) 853-1450